**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 20-3238-JFW(MAAx)**                    Date:  April 21, 2020

Title:        To Be Limited Partnership -v- Jude Hudson et al

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                              None Present
   **Courtroom Deputy**                        **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                        None

**PROCEEDINGS (IN CHAMBERS):       ORDER TO SHOW CAUSE WHY THIS ACTION**
                                              **SHOULD NOT BE DISMISSED FOR LACK OF**
                                              **SUBJECT MATTER JURISDICTION**

On April 7, 2020, Plaintiff To Be Limited Partnership ("Plaintiff") filed a Complaint in this Court, alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). On April 20, 2020, Plaintiff filed a First Amended Complaint.

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  Plaintiff, however, fails to properly allege its own citizenship. For the purposes of diversity jurisdiction, a limited partnership is a citizen of every state of which its members are citizens.  *See, e.g., Carden v. Arkoma Associates*, 494 U.S. 185, 190-196 (1990). Although Plaintiff is a limited partnership, it fails to allege the citizenship of each of its  partners or members, merely stating that "[n]one of Plaintiff's partners are citizens of California."  Complaint at ¶ 3; First Amended Complaint ("FAC") at ¶ 3

In addition, Plaintiff fails to allege the citizenship of either Defendant Jude Hudson or Defendant Rosalie Hudson, and instead merely alleges their residency. Complaint at ¶¶ 4,5 (alleging that Jude Hudson and Rosalie Hudson currently reside in Los Angeles, California); FAC at ¶¶ 4, 5 (same).  However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state.  *Id.*  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Id.*  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  *Id.*  Plaintiff's failure to allege Defendant Jude Hudson's citizenship is especially troublesome in light of the evidence submitted in

Initials of Deputy Clerk __sr_

support of Plaintiff's Motion to Appoint a Receiver and *Ex Parte* Application for Issuance of a Temporary Restraining Order and OSC Re Issuance of a Preliminary Injunction, demonstrating that Defendant Jude Hudson is a citizen of Canada (and not California). *See* Declaration of Robert Lunny at ¶ 26.

Thus, Plaintiff's allegations are insufficient to establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **April 22, 2020** why this action should not be dismissed for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this action.

IT IS SO ORDERED.

Initials of Deputy Clerk   sr