Dirk O. Julander, Bar No. 132313
  doj@jbblaw.com
M. Adam Tate, Bar No. 280017
  adam@jbblaw.com
JULANDER, BROWN & BOLLARD
9110 Irvine Center Drive
Irvine, California 92618
Telephone:  (949) 477-2100
Facsimile:  (949) 477-6355

Attorneys for Plaintiff
To Be Limited Partnership

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TO BE LIMITED PARTNERSHIP, an Arizona limited partnership,<br><br>            Plaintiff,<br><br>    vs.<br><br>JUDE HUDSON, an individual; ROSALIE HUDSON, an individual; and PARAGON TECHNOLOGY & DEVELOPMENT, INC., a Delaware corporation; and GATSBY ENTERPRISES, INC., a California corporation, and DOES 1 – 10, inclusive;<br><br>            Defendants. | Case No. 2:20-cv-03238-JFW-MAA<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>**Pretrial Conference:**<br>Date:   August 13, 2021<br>Time:   8:00 a.m.<br>Crtrm.: 7A<br><br><br>Trial Date:   August 31, 2021<br>Trial Time:   8:30 a.m.<br><br><br>[*Assigned to the Hon. John F. Walter*] |

# INDEX OF JURY INSTRUCTIONS

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| 1. | Cover Sheet [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.1 | 9 |
| 2. | Duty of Jury (Court Reads And Provides Written Instructions At The End Of Case) [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.4 | 10 |
| 3. | Claims and Defenses [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.5 | 11 |
| 4. | Burden of Proof – Preponderance of the Evidence [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.6 | 12 |
| 5. | Two or More Parties-Difference Legal Rights [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.8 | 13 |
| 6. | What is Evidence [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.9 | 14 |
| 7. | What is Not Evidence [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.10 | 15 |
| 8. | 1.11 Evidence for Limited Purpose [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.11 | 16 |
| 9. | 1.12 Direct and Circumstantial Evidence [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.12 | 17 |
| 10. | 1.13 Ruling on Objections [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.13 | 18 |

| 11. | 1.14 Credibility of Witness [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.14 | 19 |
|---|---|---|---|
| 12. | 1.15 Conduct of the Jury [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.15 | 21 |
| 13. | 1.16 Publicity During Trial [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.16 | 23 |
| 14. | 1.18 Taking Notes [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.18 | 25 |
| 15. | 1.19 Questions to Witnesses by Jurors [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.19 | 26 |
| 16. | 1.20 Bench Conferences and Recesses [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.20 | 27 |
| 17. | 1.21 Outline of Trial [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.21 | 28 |
| 18. | 2.0 Cautionary Instructions [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 2.0 | 29 |
| 19. | Stipulations of Fact [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 2.2 | 30 |
| 20. | Deposition in Lieu of Live Testimony [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 2.4 | 31 |
| 21. | Impeachment Evidence – Witness [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 2.9 | 32 |
| 22. | Use of Interrogatories [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 2.11 | 33 |
| 23. | Use of Requests for Admission | Model Civil Jury Instructions for the District Courts of the Ninth | 34 |

| | | [Undisputed] | Circuit, Instruction No. 2.12 | |
|---|---|---|---|---|
| | 24. | Charts and Summaries Not Received in Evidence [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 2.14 | 35 |
| | 25. | Charts and Summaries Received in Evidence [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 2.15 | 36 |
| | 26. | Corporations and Partnerships [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 4.1 | 44 |
| | 27. | Independent Contractor— Definition [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 4.14 | 45 |
| | 28. | Duty of Undivided Loyalty—Essential Factual Elements [Disputed] | Judicial Council Of California Civil Jury Instruction 4102, Judicial Council Of California Civil Jury Instruction 4102; new June 2006; revised June 2010 (Modified). *Beard Rsch., Inc. v. Kates*, 8 A.3d 573, 601 (Del. Ch.), aff'd sub nom. *ASDI, Inc. v. Beard Rsch., Inc.*, 11 A.3d 749 (Del. 2010) | 49 |
| | 29. | Duty of Loyalty Defined [Disputed] | *Guth v. Loft*, 5 A.2d 503, 510 (Del. 1939); *Ivanhoe Partners v. Newmont Min. Corp.*, 535 A.2d 1334, 1345 (Del. 1987) | 50 |
| | 30. | Failure to Use Reasonable Care— Essential Factual Elements [Disputed] | Judicial Council Of California Civil Jury Instruction 4101, Judicial Council Of California Civil Jury Instruction 4101; new June 2006; revised June 2010 (Modified); 8 Del.C. § 141(a); *Mills Acquisition Co. v. Macmillan, Inc.*, 559 A.2d 1261, 1280 (Del. 1989) | 52 |
| | 31. | Duty of Care Defined [Disputed] | *Mills Acquisition Co. v. Macmillan, Inc.*, 559 A.2d 1261, 1280 (Del. 1989); *Quadrant* | 54 |

| | | | | |
|---|---|---|---|---|
| | | | *Structured Prods. Co. v. Vertin*, 102 A.3d 155, 171 (2014); *In re Walt Disney Co. Derivative Litig.*, 907 A.2d 693, 749 (Del. Ch. 2005); Modeled on ABA SECTION OF LITIGATION, MODEL JURY INSTRUCTIONS BUSINESS TORTS LITIGATION 7.3.12e, 4TH EDITION (2005). | |
| | 32. | Business Judgment Rule [Disputed] | *Cede & Co. v. Technicolor*, 634 A.2d 345, 360-362 (Del. 1993); *Citron v. Fairchild Camera & Instrument Corp.*, 569 A.2d 53, 64 (Del. 1988).]; *eBay Domestic Holdings, Inc. v. Newmark*, 16 A.3d 1, 36 (Del. Ch. 2010) | 55 |
| | 33. | Interested Director Defined [Disputed] | *eBay Domestic Holdings, Inc. v. Newmark*, 16 A.3d 1, 37-38 (Del. Ch. 2010); *Nixon v. Blackwell*, 626 A.2d 1366, 1376 (Del. 1993); B*enihana of Tokyo, Inc. v. Benihana, Inc.*, 891 A.2d 150, 174 (Del. Ch. 2005), aff'd, 906 A.2d 114 (Del. 2006) | 57 |
| | 34. | Entire Fairness (Delaware Law) [Disputed] | *Nixon v. Blackwell*, 626 A.2d 1366, 1376 (Del. 1993); *Weinberger v. UOP, Inc.*, 457 A.2d 701, 711 (Del. 1983). | 70 |
| | 34. | Entire Fairness Doctrine [Disputed] | *Nixon v. Blackwell*, 626 A.2d 1366, 1376 (Del. 1993); *eBay Domestic Holdings, Inc. v. Newmark*, 16 A.3d 1, 42 (Del. Ch. 2010) | 58 |
| | 35. | Fair Price Defined [Disputed] | *eBay Domestic Holdings, Inc. v. Newmark*, 16 A.3d 1, 42 (Del. Ch. 2010); *Nixon v. Blackwell*, 626 A.2d 1366, 1376 (Del. 1993) | 60 |

| | | | | |
|---|---|---|---|---|
| 1 | 36. | Fair Dealing Defined [Disputed] | *eBay Domestic Holdings, Inc. v. Newmark*, 16 A.3d 1, 42 (Del. Ch. 2010); *Nixon v. Blackwell*, 626 A.2d 1366, 1376 (Del. 1993) | 61 |
| 2 | 37. | Corporate Waste [Disputed] | *Steiner v. Meyerson*, No. CIV. A. 13139, 1995 WL 441999, at *1 (Del. Ch. July 19, 1995); *Michelson v. Duncan*, 407 A.2d 211, 217 (Del. 1979); *Swingless Golf Club Corp. v. Taylor*, 679 F.Supp.2d 1060, 1070-71(N.D. Cal. 2009) | 65 |
| 3 | 38. | Conversion – Essential Factual Elements [Undisputed] | Judicial Council Of California Civil Jury Instruction 2100, Judicial Council Of California Civil Jury Instruction 2100; new September 2003; revised December 2009, December 2010, May 2017 (Modified); *Drug, Inc. v. Hunt*, 168 A. 87, 93–94 (Del. 1933) | 62 |
| 4 | 39. | Fraudulent Inducement [Disputed] | CACI 1900; *Romero v. San Pedro Forklift, Inc.*, 266 Fed. App'x 552, 556 n.2 (9th Cir. 2008) | 67 |
| 5 | 40. | Usury [Disputed] | *Klett v. Security Acceptance Co.*, 38 Cal.2d 770, 787–788, 242 P.2d 873 (1952); *Terry Trading Corp. v. Barsky*, 210 Cal. 428, 434, 292 P. 474 (1930); *Rochester Capital Leasing Corp. v. K & L Litho Corp.*, 13 Cal.App.3d 697, 703, 91 Cal.Rptr. 827 (1970); *Mong v. Bass*, 248 Cal.App.2d 377, 381–384, 56 Cal.Rptr. 579 (1967); *Goldenzwig v. Shaddock*, 31 Cal.App.2d 719, 722, 88 P.2d 933 (1939). | 68 |

| 41. | Damages-Proof [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 5.1 | 46 |
|---|---|---|---|
| 42. | Damages From Multiple Defendants [Undisputed] | CACI 3933. | 69 |
| 43. | Punitive Damages [Undisputed] | Pattern Jury Instructions for Civil Practice in the Superior Court of the State of Delaware, Section 22.27; *Niehoff v. Maynard*, 299 F.3d 41, 52–53 (1st Cir. 2002). | 47 |
| 44. | Effect of Instructions as to Punitive Damages [Undisputed] | Pattern Jury Instructions for Civil Practice in the Superior Court of the State of Delaware, Section 22.29; *Niehoff v. Maynard*, 299 F.3d 41, 52–53 (1st Cir. 2002). | 48 |
| 45. | Duty to Deliberate [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 3.1 | 37 |
| 46. | Consideration of Evidence [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 3.2 | 38 |
| 47. | Communication with Court [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 3.3 | 40 |
| 48. | Readback or Playback [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 3.4 | 41 |
| 49. | Return of Verdict [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 3.5 | 42 |
| 50. | Post Discharge Instruction [Undisputed] | Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 3.9 | 43 |

**Stipulated Instruction No. 1 Re:**
**Cover Sheet**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TO BE LIMITED PARTNERSHIP, an Arizona limited partnership, | Case No. 2:20-cv-03238-JFW-MAA |
| Plaintiff, | |
| vs. | **JURY INSTRUCTIONS** |
| JUDE HUDSON, an individual; ROSALIE HUDSON, an individual; and PARAGON TECHNOLOGY & DEVELOPMENT, INC., a Delaware corporation; and GATSBY ENTERPRISES, INC., a California corporation, and DOES 1 – 10, inclusive; | |
| Defendants. | |

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 1.1 (2017).

**Stipulated Instruction No. 2 Re:**
**Duty Of Jury (Court Reads And Provides Written Instructions**
**At The End Of Case)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 1.4 (2017).

**Stipulated Instruction No. 3 Re:**
**Claims And Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs, TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., assert that defendants JUDE HUDSON and ROSALIE HUDSON breached their fiduciary duties to minority shareholders of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC; that defendants JUDE HUDSON and ROSALIE HUDSON committed corporate waste and that defendant JUDE HUDSON converted 625 (pre-split) shares of PARAGON TECHNOLOGY & DEVELOPMENT, INC. stock. The plaintiff has the burden of proving these claims.

The defendants deny those claims and also contends that they acted within the protections of the business judgment rule, that the contested transactions were entirely fair to nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC. and the minority shareholders, that plaintiff TBL fraudulently induced nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., into entering into loan transactions and that plaintiff TBL entered into usurious loan transactions with nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC.. The defendants have the burden of proof on these affirmative defenses.

The plaintiffs deny defendants' affirmative defenses.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 1.5 (2017).

**PTO**: Paragraph 7, pp. 4-10.

1
2

### Stipulated Instruction No. 4 Re:
### Burden Of Proof—Preponderance Of The Evidence

3
4

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

5
6

You should base your decision on all of the evidence, regardless of which party presented it.

7
8

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 1.6 (2017).

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Stipulated Instruction No. 5 Re:**
**Two Or More Parties—Different Legal Rights**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 1.8 (2017).

**Stipulated Instruction No. 6 Re:**
**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I [may instruct] [have instructed] you to accept as proved.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 1.9 (2017).

**Stipulated Instruction No. 7 Re:
What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 1.10 (2017).

1
2

**Stipulated Instruction No. 8 Re:**
**Evidence For Limited Purpose**

3    Some evidence may be admitted only for a limited purpose.

4    When I instruct you that an item of evidence has been admitted only for a
5  limited purpose, you must consider it only for that limited purpose and not for any
   other purpose.
6

7    [The testimony [you are about to hear] [you have just heard] may be
   considered only for the limited purpose of [*describe purpose*] and not for any other
8  purpose.]

9  **Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth
10 Circuit § 1.11 (2017).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

**Stipulated Instruction No. 9 Re:**
**Direct And Circumstantial Evidence**

4

5

6

7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

8

9

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 1.12 (2017).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 10 Re:
Ruling On Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 1.13 (2017).

### Stipulated Instruction No. 11 Re:
### Credibility Of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth

1  Circuit § 1.14 (2017).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 12 Re:**
**Conduct Of The Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource

1  to search for or view any place discussed during the trial.  Also, do not
2  do any research about this case, the law, or the people involved—
3  including the parties, the witnesses or the lawyers—until you have been
   excused as jurors. If you happen to read or hear anything touching on
4  this case in the media, turn away and report it to me as soon as possible.

5  These rules protect each party's right to have this case decided only on evidence that
   has been presented here in court.  Witnesses here in court take an oath to tell the
6  truth, and the accuracy of their testimony is tested through the trial process.  If you
7  do any research or investigation outside the courtroom, or gain any information
   through improper communications, then your verdict may be influenced by
8  inaccurate, incomplete or misleading information that has not been tested by the trial
9  process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you
   decide the case based on information not presented in court, you will have denied
10 the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it
11 is very important that you follow these rules.

12 A juror who violates these restrictions jeopardizes the fairness of these proceedings
   [, and a mistrial could result that would require the entire trial process to start over].
13 If any juror is exposed to any outside information, please notify the court
14 immediately.

15 **Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth
16 Circuit § 1.15 (2017).

17
18
19
20
21
22
23
24
25
26
27
28

1
2

**Stipulated Instruction No. 13 Re:**
**Publicity During Trial**

3
4
5
6

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

7
8

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 1.16 (2017).

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT PROPOSED JURY INSTRUCTIONS

1
2

**Stipulated Instruction No. 14 Re:**
**Taking Notes**

3
4
5
6

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

7
8

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

9
10

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 1.18 (2017).

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Stipulated Instruction No. 15 Re:**
**Questions To Witnesses By Jurors During Trial**

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  *[Specific reasons for not allowing jurors to ask questions may be explained.*]  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 1.19 (2017).

1
2

**Stipulated Instruction No. 16 Re:**
**Bench Conferences And Recesses**

3
4
5
6
7

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

8
9
10
11

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

12
13

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 1.20 (2017).

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Stipulated Instruction No. 17 Re:
## Outline Of Trial

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 1.21 (2017).

**Stipulated Instruction No. 18 Re:**
**Cautionary Instructions At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 2.0 (2017).

**Stipulated Instruction No. 19 Re:**
**Stipulations Of Fact**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you].  You must therefore treat these facts as having been proved.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 2.2 (2017).

### Stipulated Instruction No. 20 Re:
### Deposition In Lieu Of Live Testimony

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*name of witness*] was taken on [*date*].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 2.4 (2017).

1
2

**Stipulated Instruction No. 21 Re:**
**Impeachment Evidence - Witness**

3
4
5

  The evidence that a witness, e.g., has been convicted of a crime, lied under oath on a prior occasion, etc., may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

6
7

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 2.9 (2017).

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Stipulated Instruction No. 22 Re:**
**Use Of Interrogatories**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 2.11 (2017).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Stipulated Instruction No. 23 Re:**
**Use Of Requests For Admission**

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 2.12 (2017).

1
2

**Stipulated Instruction No. 24 Re:**
**Charts And Summaries Not Received In Evidence**

3
4
5
6

      Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

7
8

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 2.14 (2017).

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

**Stipulated Instruction No. 25 Re:**
**Charts And Summaries Received In Evidence**

4

5

6

7

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

8

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 2.15 (2017).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 26 Re:**
**Corporations And Partnerships—Fair Treatment**

All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 4.1 (2017).

1
2

**Stipulated Instruction No. 27 Re:
Independent Contractor—Definition**

3
4

An independent contractor is a person who performs services for another person under an express or implied agreement and who is not subject to the other's control of, or right to control, the manner and means of performing the services.

5
6

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 4.14 (2017).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 28 Re:**
**Duty of Undivided Loyalty—Essential Factual Elements**
**Proposed By Plaintiffs**

Plaintiffs, TBL and JAMES POWER, claim on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., that they were harmed by defendants, JUDE HUDSON and ROSALIE HUDSON's breach of the fiduciary duty of loyalty.  Corporate directors owe the company and its shareholders undivided loyalty. To establish this claim, plaintiffs, TBL and JAMES POWER, must prove all of the following:

1. That defendants, JUDE HUDSON and ROSALIE HUDSON were corporate directors of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC.;

2. That defendants, JUDE HUDSON and ROSALIE HUDSON breached their fiduciary duty of loyalty;

3. That plaintiffs, TBL and JAMES POWER, did not give informed consent to defendants, JUDE HUDSON and ROSALIE HUDSON's conduct;

4. That plaintiffs, TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., were harmed; and

5. That defendants, JUDE HUDSON and ROSALIE HUDSON's conduct was a substantial factor in causing plaintiffs', TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., harm.

**Sources:** Judicial Council Of California Civil Jury Instruction 4102, Judicial Council Of California Civil Jury Instruction 4102; new June 2006; revised June 2010 (Modified). *Beard Rsch., Inc. v. Kates*, 8 A.3d 573, 601 (Del. Ch.), aff'd sub nom. *ASDI, Inc. v. Beard Rsch., Inc.*, 11 A.3d 749 (Del. 2010).

**PTO**: Paragraph 7(c), p. 5.

**Defendants' Basis For Dispute:**

Defendants contend that this instruction should not be given. Pursuant to federal and Delaware law, this claim should be heard *by the Court*; therefore, Disputed Instruction No. 28 should ***not*** be submitted to the jury.

For the reasons discussed below and in greater detail by Defendants in the Joint Memorandum of Law regarding disputed jury instructions, Plaintiffs' breach of fiduciary duty claim should be heard by the Court. As a matter of federal law, pursuant to the Supreme Court's framework for analyzing the right to a jury trial in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 43 (1989), Plaintiffs are not entitled to a jury trial on their claim for breach of fiduciary duty because:

1. A breach of fiduciary duty claim is equitable in nature, *see Prospect St. Energy, LLC v. Bhargava*, 2016 Del. Super. LEXIS 57, *12 (Del. Super. Ct. Jan. 27, 2016) (calling a breach of fiduciary duty the "'*quintessential equitable claim*'") (citing *QC Communs., Inc. v. Quartarone*, 2013 Del. Ch. LEXIS 124, 2013 WL 1970069, at *1 (Del. Ch. May 14, 2013); *see also McMahon*, 532 A.2d at 604 ("Among the most ancient of headings under which chancery's jurisdiction falls is that of fiduciary relationships."); and

2. Plaintiffs seek an equitable remedy in connection with their breach of fiduciary duty claim, *i.e.* the appointment of a receiver, *see* Dkt. No. 94, SAC ¶ 48; *VTB Bank v. Navitron Projects Corp.*, 2014 Del. Ch. LEXIS

61, *17 (Del. Ch. Apr. 28, 2014) (". . . [T]his Court typically approaches the appointment of a receiver pursuant to its general equitable powers as a remedy, not as an independent cause of action . . ."); *Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 825 (3d Cir. 1959) ("The appointment of a receiver was never subject to jury trial, it being an equitable remedy within the discretion of the chancellor . . .").

Because both the claim and the relief sought are equitable in nature, pursuant to *Granfinanciera*, Plaintiffs are not entitled to a jury trial on their breach of fiduciary duty claim, and the claim should be adjudicated by this Court.

This is also in line with Delaware law, which indisputably governs the breach of fiduciary duty claim. Under Delaware law, breach of fiduciary duty claims are "*without exception*" adjudicated by a court, "*not a jury*." *FleetBoston Fin. Corp. v. Alt*, 668 F. Supp. 2d 274, 275 (D. Mass. 2009). Therefore, for all the foregoing reasons, the breach of fiduciary duty claim, including Disputed Instruction No. 28, should not be submitted to the jury.

**Disputed Instruction No. 29 Re:**
**Duty of Loyalty Defined**
**Proposed By Plaintiffs**

Corporate directors have a fiduciary duty to the corporation and its shareholders. They are not allowed to use their position of trust and confidence to further their private interests.  That means they have a duty to protect the interests of the corporation, and also a duty to refrain from doing anything that would work injury to the corporation, or to deprive it of profit or advantage which their skill and ability might properly bring to it, or to enable it to make in the reasonable and lawful exercise of its powers.

The rule that requires an undivided and unselfish loyalty to the corporation demands that there be no conflict between duty and self-interest.  Where a director places their own interest and self-gain above that of the corporation, there is a violation of the duty of loyalty.

**Sources:** *Guth v. Loft*, 5 A.2d 503, 510 (Del. 1939) ["Corporate officers and directors are not permitted to use their position of trust and confidence to further their private interests. While technically not trustees, they stand in a fiduciary relation to the corporation and its stockholders. A public policy, existing through the years, and derived from a profound knowledge of human characteristics and motives, has established a rule that demands of a corporate officer or director, peremptorily and inexorably, the most scrupulous observance of his duty, not only affirmatively to protect the interests of the corporation committed to his charge, but also to refrain from doing anything that would work injury to the corporation, or to deprive it of profit or advantage which his skill and ability might properly bring to it, or to enable it to make in the reasonable and lawful exercise of its powers. The rule that requires an undivided and unselfish loyalty to the corporation demands that there shall be no conflict between duty and self-interest."]; *Ivanhoe Partners v. Newmont Min. Corp.*, 535 A.2d 1334, 1345 (Del. 1987) [The duty of loyalty "embodies not only an affirmative duty to protect the interests of the corporation, but also an obligation to refrain from conduct which would injure the corporation and its stockholders or deprive them of profit or advantage. In short, directors must eschew any conflict between duty and self-interest. [Citation]."].

**PTO**: Paragraph 7(c), p. 5.

**Defendants' Basis For Dispute:**

Defendants contend that this instruction should not be given.  Pursuant to federal and Delaware law, this claim should be heard *by the Court*; therefore, Disputed Instruction No. 29 should ***not*** be submitted to the jury.

For the reasons discussed below and in greater detail by Defendants in the Joint Memorandum of Law regarding disputed jury instructions, Plaintiffs' breach of fiduciary duty claim should be heard by the Court.  As a matter of federal law, pursuant to the Supreme Court's framework for analyzing the right to a jury trial in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 43 (1989), Plaintiffs are not entitled to a jury trial on their claim for breach of fiduciary duty because:

1. A breach of fiduciary duty claim is equitable in nature, *see  Prospect St. Energy, LLC v. Bhargava*, 2016 Del. Super. LEXIS 57, *12 (Del. Super. Ct. Jan. 27, 2016) (calling a breach of fiduciary duty the "'*quintessential equitable claim*'") (citing *QC Communs., Inc. v. Quartarone*, 2013 Del. Ch. LEXIS 124, 2013 WL 1970069, at *1 (Del. Ch. May 14, 2013); *see also McMahon*, 532 A.2d at 604 ("Among the most ancient of headings under which chancery's jurisdiction falls is that of fiduciary relationships."); and

2. Plaintiffs seek an equitable remedy in connection with their breach of fiduciary duty claim, *i.e.* the appointment of a receiver, *see* Dkt. No. 94, SAC ¶ 48; *VTB Bank v. Navitron Projects Corp.*, 2014 Del. Ch. LEXIS

61, *17 (Del. Ch. Apr. 28, 2014) (". . . [T]his Court typically approaches the appointment of a receiver pursuant to its general equitable powers as a remedy, not as an independent cause of action . . ."); *Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 825 (3d Cir. 1959) ("The appointment of a receiver was never subject to jury trial, it being an equitable remedy within the discretion of the chancellor . . .").

Because both the claim and the relief sought are equitable in nature, pursuant to *Granfinanciera*, Plaintiffs are not entitled to a jury trial on their breach of fiduciary duty claim, and the claim should be adjudicated by this Court.

This is also in line with Delaware law, which indisputably governs the breach of fiduciary duty claim. Under Delaware law, breach of fiduciary duty claims are "without exception" adjudicated by a court, "not a jury." *FleetBoston Fin. Corp. v. Alt*, 668 F. Supp. 2d 274, 275 (D. Mass. 2009). Therefore, for all the foregoing reasons, the breach of fiduciary duty claim, including Disputed Instruction No. 29, should not be submitted to the jury.

**Disputed Instruction No. 30 Re:**
**Failure to Use Reasonable Care—Essential Factual Elements**
**Proposed By Plaintiffs**

Plaintiffs, TBL and JAMES POWER, claim on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., that they were harmed by defendants, JUDE HUDSON and ROSALIE HUDSON's breach of the fiduciary duty to use reasonable care. To establish this claim, plaintiffs, TBL and JAMES POWER, must prove all of the following:

1. That defendants, JUDE HUDSON and ROSALIE HUDSON were corporate directors of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC.;

2. That defendants, JUDE HUDSON and ROSALIE HUDSON acted on behalf of nominal defendants, PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., for purposes of managing the business and affairs of these companies;

3. That defendants, JUDE HUDSON and ROSALIE HUDSON failed to act as reasonably careful directors would have acted under the same or similar circumstances;

4. That plaintiffs, TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., were harmed; and

5. That defendants, JUDE HUDSON and ROSALIE HUDSON's conduct was a substantial factor in causing plaintiffs', TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., harm.

**Sources:** Judicial Council Of California Civil Jury Instruction 4101, Judicial Council Of California Civil Jury Instruction 4101; new June 2006; revised June 2010 (Modified); 8 Del.C. § 141(a); *Mills Acquisition Co. v. Macmillan, Inc.*, 559 A.2d 1261, 1280 (Del. 1989) ["It is basic to our law that the board of directors has the ultimate responsibility for managing the business and affairs of a corporation. 8 Del.C. § 141(a). In discharging this function, the directors owe fiduciary duties of care and loyalty to the corporation and its shareholders, [citation]."].

**PTO**: Paragraph 7(c), p. 5.

**Defendants' Basis For Dispute:**

Defendants contend that this instruction should not be given. Pursuant to federal and Delaware law, this claim should be heard *by the Court*; therefore, Disputed Instruction No. 30 should ***not*** be submitted to the jury.

For the reasons discussed below and in greater detail by Defendants in the Joint Memorandum of Law regarding disputed jury instructions, Plaintiffs' breach of fiduciary duty claim should be heard by the Court. As a matter of federal law, pursuant to the Supreme Court's framework for analyzing the right to a jury trial in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 43 (1989), Plaintiffs are not entitled to a jury trial on their claim for breach of fiduciary duty because:

1. A breach of fiduciary duty claim is equitable in nature, *see Prospect St. Energy, LLC v. Bhargava*, 2016 Del. Super. LEXIS 57, *12 (Del. Super. Ct. Jan. 27, 2016) (calling a breach of fiduciary duty the "'*quintessential equitable claim*'") (citing *QC Communs., Inc. v. Quartarone*, 2013 Del. Ch. LEXIS 124, 2013 WL 1970069, at *1 (Del. Ch. May 14, 2013); *see also McMahon*, 532 A.2d at 604 ("Among the most ancient of headings under which chancery's jurisdiction falls is that of fiduciary relationships."); and

2. Plaintiffs seek an equitable remedy in connection with their breach of fiduciary duty claim, *i.e.* the appointment of a receiver, *see* Dkt. No. 94, SAC ¶ 48; *VTB Bank v. Navitron Projects Corp.*, 2014 Del. Ch. LEXIS

61, *17 (Del. Ch. Apr. 28, 2014) (". . . [T]his Court typically approaches the appointment of a receiver pursuant to its general equitable powers as a remedy, not as an independent cause of action . . ."); *Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 825 (3d Cir. 1959) ("The appointment of a receiver was never subject to jury trial, it being an equitable remedy within the discretion of the chancellor . . .").

Because both the claim and the relief sought are equitable in nature, pursuant to *Granfinanciera*, Plaintiffs are not entitled to a jury trial on their breach of fiduciary duty claim, and the claim should be adjudicated by this Court.

This is also in line with Delaware law, which indisputably governs the breach of fiduciary duty claim. Under Delaware law, breach of fiduciary duty claims are "*without exception*" adjudicated by a court, "*not a jury*." *FleetBoston Fin. Corp. v. Alt*, 668 F. Supp. 2d 274, 275 (D. Mass. 2009). Therefore, for all the foregoing reasons, the breach of fiduciary duty claim, including Disputed Instruction No. 30, should not be submitted to the jury.

**Disputed Instruction No. 31 Re:**
**Duty of Care Defined**
**Proposed By Plaintiffs**

The duty of good care requires directors of a corporation to discharge the duties of their positions in good faith and with that degree of diligence, care, loyalty, and skill that ordinarily prudent persons would exercise under similar circumstances in like positions.

The phrase "under similar circumstances" means that the nature and extent of the functions and obligations of an officer or director will vary depending upon such factors as the nature of the business, the urgency and magnitude of a problem, and the corporation's size and complexity. In deciding whether the Jude Hudson and Rosalie Hudson acted with the care that an ordinarily prudent person would reasonably be expected to exercise in a like position, you should take these circumstances into account.

For purposes of analyzing the duty of due care, the phrase "in a like position" is intended to emphasize that the critical time for the assessment of the performance of an officer or director is the time of the alleged breach of duty. That is, you are to assess an officer's or director's performance as of the time of the alleged breach of fiduciary duty. You are not to use the benefit of hindsight in evaluating a director's or officer's performance.

**Sources**: *Mills Acquisition Co. v. Macmillan, Inc*., 559 A.2d 1261, 1280 (Del. 1989); *Quadrant Structured Prods. Co. v. Vertin*, 102 A.3d 155, 171 (2014); *In re Walt Disney Co. Derivative Litig*., 907 A.2d 693, 749 (Del. Ch. 2005); Modeled on ABA SECTION OF LITIGATION, MODEL JURY INSTRUCTIONS BUSINESS TORTS LITIGATION 7.3.12e, 4TH EDITION (2005).

**PTO**: Paragraph 7(c), p. 5.

**Defendants' Basis For Dispute:**

Defendants contend that this instruction should not be given. Pursuant to federal and Delaware law, this claim should be heard *by the Court*; therefore, Disputed Instruction No. 31 should *not* be submitted to the jury.

For the reasons discussed below and in greater detail by Defendants in the Joint Memorandum of Law regarding disputed jury instructions, Plaintiffs' breach of fiduciary duty claim should be heard by the Court. As a matter of federal law, pursuant to the Supreme Court's framework for analyzing the right to a jury trial in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 43 (1989), Plaintiffs are not entitled to a jury trial on their claim for breach of fiduciary duty because:

1. A breach of fiduciary duty claim is equitable in nature, *see Prospect St. Energy, LLC v. Bhargava*, 2016 Del. Super. LEXIS 57, *12 (Del. Super. Ct. Jan. 27, 2016) (calling a breach of fiduciary duty the "'*quintessential equitable claim*'") (citing *QC Communs., Inc. v. Quartarone*, 2013 Del. Ch. LEXIS 124, 2013 WL 1970069, at *1 (Del. Ch. May 14, 2013); *see also McMahon*, 532 A.2d at 604 ("Among the most ancient of headings under which chancery's jurisdiction falls is that of fiduciary relationships."); and

2. Plaintiffs seek an equitable remedy in connection with their breach of fiduciary duty claim, *i.e.* the appointment of a receiver, *see* Dkt. No. 94, SAC ¶ 48; *VTB Bank v. Navitron Projects Corp.*, 2014 Del. Ch. LEXIS

61, *17 (Del. Ch. Apr. 28, 2014) (". . . [T]his Court typically approaches the appointment of a receiver pursuant to its general equitable powers as a remedy, not as an independent cause of action . . ."); *Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 825 (3d Cir. 1959) ("The appointment of a receiver was never subject to jury trial, it being an equitable remedy within the discretion of the chancellor . . .").

Because both the claim and the relief sought are equitable in nature, pursuant to *Granfinanciera*, Plaintiffs are not entitled to a jury trial on their breach of fiduciary duty claim, and the claim should be adjudicated by this Court.

This is also in line with Delaware law, which indisputably governs the breach of fiduciary duty claim.  Under Delaware law, breach of fiduciary duty claims are "*without exception*" adjudicated by a court, "*not a jury*."  *FleetBoston Fin. Corp. v. Alt*, 668 F. Supp. 2d 274, 275 (D. Mass. 2009).  Therefore, for all the foregoing reasons, the breach of fiduciary duty claim, including Disputed Instruction No. 31, should not be submitted to the jury.

**Disputed Instruction No. 32 Re:**
**Business Judgment Rule**
**Proposed By Plaintiffs**

A director is presumed to have acted on an informed basis, in good faith, and in the honest belief that the action taken was in the best interest of the company. This presumption is called the business judgment rule. The business judgment rule's protections only apply to transactions in which a director is not an interested director, and is independent and to transactions in which a director acted within his or her duty of care.

To overcome the business judgment rule, plaintiffs, TBL and JAMES POWER, on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., must show that defendants, JUDE HUDSON and ROSALIE HUDSON had a personal interest in the subject matter of the transaction or failed to act with due care.

If plaintiffs, TBL and JAMES POWER show that defendants, JUDE HUDSON or ROSALIE HUDSON, had a personal interest in the subject matter of the transaction or failed to act with due care, that is sufficient to overcome the business judgment rule defense.

**Sources:** *Cede & Co. v. Technicolor*, 634 A.2d 345, 360-362 (Del. 1993) ["The rule operates as both a procedural guide for litigants and a substantive rule of law. As a rule of evidence, it creates a 'presumption that in making a business decision, the directors of a corporation acted on an informed basis [i.e., with due care], in good faith and in the honest belief that the action taken was in the best interest of the company.'" Aronson v. Lewis, 473 A.2d 805, 812 (1984). [¶] Thus, a shareholder plaintiff challenging a board decision has the burden at the outset to rebut the rule's presumption. [Citations]. To rebut the rule, a shareholder plaintiff assumes the burden of providing evidence that directors, in reaching their challenged decision, breached any one of the triads of their fiduciary duty—good faith, loyalty or due care. See *Citron v. Fairchild Camera & Instrument Corp*., 569 A.2d 53, 64 (Del. 1988).]; *eBay Domestic Holdings, Inc. v. Newmark*, 16 A.3d 1, 36 (Del. Ch. 2010) ["There are a number of ways the plaintiff can rebut the business judgment presumption, including by showing that the majority of directors who approved the action (1) had a personal interest in the subject matter of the action,(2) were not fully informed in approving the action, or (3) did not act in good faith in approving the action. [Citations omitted]."].

**PTO**: Paragraph 7(c), p. 5.

**Defendants' Basis For Dispute:**

Defendants contend that this instruction should not be given. Pursuant to federal and Delaware law, this claim should be heard *by the Court*; therefore, Disputed Instruction No. 32 should *not* be submitted to the jury.

For the reasons discussed below and in greater detail by Defendants in the Joint Memorandum of Law regarding disputed jury instructions, Plaintiffs' breach of fiduciary duty claim should be heard by the Court. As a matter of federal law, pursuant to the Supreme Court's framework for analyzing the right to a jury trial in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 43 (1989), Plaintiffs are not entitled to a jury trial on their claim for breach of fiduciary duty because:

1. A breach of fiduciary duty claim is equitable in nature, *see Prospect St. Energy, LLC v. Bhargava*, 2016 Del. Super. LEXIS 57, *12 (Del. Super. Ct. Jan. 27, 2016) (calling a breach of fiduciary duty the "'*quintessential equitable claim*'") (citing *QC Communs., Inc. v. Quartarone*, 2013 Del. Ch. LEXIS 124, 2013 WL 1970069, at *1 (Del. Ch. May 14, 2013); *see also McMahon*, 532 A.2d at 604 ("Among the most ancient of headings under which chancery's jurisdiction falls is that of fiduciary relationships."); and

2. Plaintiffs seek an equitable remedy in connection with their breach of fiduciary duty claim, *i.e.* the appointment of a receiver, *see* Dkt. No. 94, SAC ¶ 48; *VTB Bank v. Navitron Projects Corp*., 2014 Del. Ch. LEXIS

61, *17 (Del. Ch. Apr. 28, 2014) (". . . [T]his Court typically approaches the appointment of a receiver pursuant to its general equitable powers as a remedy, not as an independent cause of action . . ."); *Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 825 (3d Cir. 1959) ("The appointment of a receiver was never subject to jury trial, it being an equitable remedy within the discretion of the chancellor . . .").

Because both the claim and the relief sought are equitable in nature, pursuant to *Granfinanciera*, Plaintiffs are not entitled to a jury trial on their breach of fiduciary duty claim, and the claim should be adjudicated by this Court.

This is also in line with Delaware law, which indisputably governs the breach of fiduciary duty claim. Under Delaware law, breach of fiduciary duty claims are "*without exception*" adjudicated by a court, "*not a jury*." *FleetBoston Fin. Corp. v. Alt*, 668 F. Supp. 2d 274, 275 (D. Mass. 2009). Therefore, for all the foregoing reasons, the breach of fiduciary duty claim, including Disputed Instruction No. 32, should not be submitted to the jury.

**Disputed Instruction No. 33 Re:**
**Interested Director Defined**
**Proposed By Plaintiffs**

A director is interested if he or she stands on both sides of a transaction or expects to derive a material personal financial benefit from the transaction as opposed to a benefit which devolves upon the corporation or all stockholders generally.

If plaintiffs, TBL and JAMES POWER show that for any given transaction, defendants, JUDE HUDSON or ROSALIE HUDSON, stood on both sides of a transaction or received a substantial benefit that no other stockholder received, that is sufficient to find defendants, JUDE HUDSON or ROSALIE HUDSON, were interested directors for that transaction.

**Sources:** *eBay Domestic Holdings, Inc. v. Newmark*, 16 A.3d 1, 37-38 (Del. Ch. 2010); ["Entire fairness review ordinarily applies in cases where a fiduciary either literally stands on both sides of the challenged transaction or where the fiduciary 'expects to derive personal financial benefit from the [challenged] transaction in the sense of self-dealing, as opposed to a benefit which devolves upon the corporation or all stockholders generally.' [Citation]."]; *Nixon v. Blackwell*, 626 A.2d 1366, 1376 (Del. 1993) ["'When directors of a Delaware corporation are on both sides of a transaction, they are required to demonstrate their utmost good faith and the most scrupulous inherent fairness of the bargain.... The requirement of fairness is unflinching in its demand that where one stands on both sides of a transaction, he has the burden of establishing its entire fairness, sufficient to pass the test of careful scrutiny by the courts.' [Citation]."]; B*enihana of Tokyo, Inc. v. Benihana, Inc.*, 891 A.2d 150, 174 (Del. Ch. 2005), aff'd, 906 A.2d 114 (Del. 2006) ["An independent director is one whose decision 'is based on the corporate merits of the subject before the board rather than extraneous considerations or influence, [Citation] …"].

**PTO**: Paragraph 7(c), p. 5.

**Defendants' Basis For Dispute:**

Defendants contend that this instruction should not be given. Pursuant to federal and Delaware law, this claim should be heard *by the Court*; therefore, Disputed Instruction No. 33 should ***not*** be submitted to the jury.

For the reasons discussed below and in greater detail by Defendants in the Joint Memorandum of Law regarding disputed jury instructions, Plaintiffs' breach of fiduciary duty claim should be heard by the Court. As a matter of federal law, pursuant to the Supreme Court's framework for analyzing the right to a jury trial in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 43 (1989), Plaintiffs are not entitled to a jury trial on their claim for breach of fiduciary duty because:

1. A breach of fiduciary duty claim is equitable in nature, *see Prospect St. Energy, LLC v. Bhargava*, 2016 Del. Super. LEXIS 57, *12 (Del. Super. Ct. Jan. 27, 2016) (calling a breach of fiduciary duty the "'*quintessential equitable claim*'") (citing *QC Communs., Inc. v. Quartarone*, 2013 Del. Ch. LEXIS 124, 2013 WL 1970069, at *1 (Del. Ch. May 14, 2013); *see also McMahon*, 532 A.2d at 604 ("Among the most ancient of headings under which chancery's jurisdiction falls is that of fiduciary relationships."); and

2. Plaintiffs seek an equitable remedy in connection with their breach of fiduciary duty claim, *i.e.* the appointment of a receiver, *see* Dkt. No. 94, SAC ¶ 48; *VTB Bank v. Navitron Projects Corp.*, 2014 Del. Ch. LEXIS

61, *17 (Del. Ch. Apr. 28, 2014) (". . . [T]his Court typically approaches the appointment of a receiver pursuant to its general equitable powers as a remedy, not as an independent cause of action . . ."); *Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 825 (3d Cir. 1959) ("The appointment of a receiver was never subject to jury trial, it being an equitable remedy within the discretion of the chancellor . . .").

Because both the claim and the relief sought are equitable in nature, pursuant to *Granfinanciera*, Plaintiffs are not entitled to a jury trial on their breach of fiduciary duty claim, and the claim should be adjudicated by this Court.

This is also in line with Delaware law, which indisputably governs the breach of fiduciary duty claim. Under Delaware law, breach of fiduciary duty claims are "*without exception*" adjudicated by a court, "*not a jury*." *FleetBoston Fin. Corp. v. Alt*, 668 F. Supp. 2d 274, 275 (D. Mass. 2009). Therefore, for all the foregoing reasons, the breach of fiduciary duty claim, including Disputed Instruction No. 33, should not be submitted to the jury.

**Disputed Instruction No. 34 Re:**
**Entire Fairness (Delaware Law)**
**Proposed by Defendants**

If the Business Judgment Rule does not apply, the burden then shifts to Jude Hudson and Rosalie Hudson to prove by a preponderance of the evidence that the challenged transactions were entirely fair to Paragon and its shareholders.

In determining whether a transaction as a whole was entirely fair, you should consider:

1. How the transaction was initiated;

2. How the transaction was structured;

3. How the transaction was disclosed to shareholders;

4. How the transaction was considered and negotiated;

5. How the directors addressed interests of different constituencies of the shareholders;

6. How the approval of the directors was obtained; and

7. Whether the price was economically fair.

**Sources**: *Nixon v. Blackwell*, 626 A.2d 1366, 1376 (Del. 1993); Weinberger v. UOP, Inc., 457 A.2d 701, 711 (Del. 1983) ("The concept of fairness has two basic aspects: fair dealing and fair price. The former embraces questions of when the transaction was timed, how it was initiated, structured, negotiated, disclosed to the directors, and how the approvals of the directors and the stockholders were obtained. The latter aspect of fairness relates to the economic and financial considerations of the proposed merger, including all relevant factors: assets, market value, earnings, future prospects, and any other elements that affect the intrinsic or inherent value of a company's stock. However, the test for fairness is not a bifurcated one as between fair dealing and price. All aspects of the issue must be examined as a whole since the question is one of entire fairness." (citations omitted)).

**PTO**: Paragraph 7(c), p. 5.

**Disputed Instruction No. 34 Re:**
**Entire Fairness Doctrine**
**Proposed By Plaintiffs**

If plaintiffs, TBL and JAMES POWER, on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., overcome the business judgment rule, defendants, JUDE HUDSON and ROSALIE HUDSON, must establish that the transaction was the product of both (1) fair dealing and (2) fair price. In determining whether defendants, JUDE HUDSON and ROSALIE HUDSON's conduct was "entirely fair," all aspects of the issue must be examined as a whole.

[To be considered together with Disputed Instruction No. 35 & 36]

**Sources**: *Nixon v. Blackwell*, 626 A.2d 1366, 1376 (Del. 1993) ["The concept of fairness has two basic aspects: fair dealing and fair price. [Citation]."]; *eBay Domestic Holdings, Inc. v. Newmark*, 16 A.3d 1, 42 (Del. Ch. 2010) ["To prove a transaction was entirely fair, directors must demonstrate that the transaction was (1) effectuated at a fair price and (2) the product of fair dealing. The fair price element relates to the economics of the transaction; it focuses on whether the transaction was economically fair to the plaintiff. The analysis of price can draw on any valuation methods or techniques generally accepted in the financial community. Fair dealing focuses on the conduct of the fiduciaries involved in the transaction. In analyzing fair dealing the Court may inquire into how the transaction was timed, initiated, negotiated, and structured, as well as how approvals of the directors and stockholders were obtained. The entire fairness test is not bifurcated; the Court must consider allegations of unfair dealing and unfair price. Price, however, is the paramount consideration because procedural aspects of the deal are circumstantial evidence of whether the price is fair." [Citations omitted.]; *Weinberger v. UOP, Inc.*, 457 A.2d 701, 711 (Del. 1983) ["the test for fairness is not a bifurcated one as between fair dealing and price. All aspects of the issue must be examined as a whole since the question is one of entire fairness."]

**PTO**: Paragraph 7(c), p. 5.

**Disputed Instruction No. 35 Re:**
**Fair Price Defined**
**Proposed By Plaintiffs**

To demonstrate a fair price, defendants, JUDE HUDSON and ROSALIE HUDSON, must prove that the transaction was economically fair to the minority shareholder plaintiffs, TBL and JAMES POWER.

**Sources**: *eBay Domestic Holdings, Inc. v. Newmark*, 16 A.3d 1, 42 (Del. Ch. 2010) ["To prove a transaction was entirely fair, directors must demonstrate that the transaction was (1) effectuated at a fair price and (2) the product of fair dealing. The fair price element relates to the economics of the transaction; it focuses on whether the transaction was economically fair to the plaintiff. The analysis of price can draw on any valuation methods or techniques generally accepted in the financial community. [Citations omitted]."]; *Nixon v. Blackwell*, 626 A.2d 1366, 1376 (Del. 1993) [Same].

**PTO**: Paragraph 7(c), p. 5.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Defendants' Basis For Dispute:**

In the event this Court decides to submit the breach of fiduciary duty claim to the jury, for the reasons discussed by Defendants in the Joint Memorandum of Law regarding disputed jury instructions, Defendants propose that their Disputed Instruction No. 34 Re: Entire Fairness (Delaware Law) be submitted to the jury in lieu of Disputed Instruction Nos. 34-36 Proposed by Plaintiffs.

**Disputed Instruction No. 36 Re:**
**Fair Dealing Defined**
**Proposed by Plaintiffs**

To demonstrate fair dealing, defendants, JUDE HUDSON and ROSALIE HUDSON, must show he discharged his or her duty as a fiduciary (director) properly. You should focus on the conduct of the director involved in the transaction, analyzing how the transaction was timed, initiated, negotiated, and structured, as well as how approvals of the directors were obtained.

**Sources**: *eBay Domestic Holdings, Inc. v. Newmark*, 16 A.3d 1, 42 (Del. Ch. 2010) ["To prove a transaction was entirely fair, directors must demonstrate that the transaction was (1) effectuated at a fair price and (2) the product of fair dealing. … Fair dealing focuses on the conduct of the fiduciaries involved in the transaction. In analyzing fair dealing the Court may inquire into how the transaction was timed, initiated, negotiated, and structured, as well as how approvals of the directors and stockholders were obtained. The entire fairness test is not bifurcated; the Court must consider allegations of unfair dealing and unfair price. Price, however, is the paramount consideration because procedural aspects of the deal are circumstantial evidence of whether the price is fair. [Citations omitted.]"]; *Nixon v. Blackwell*, 626 A.2d 1366, 1376 (Del. 1993) [Same].

**PTO**: Paragraph 7(c), p. 5.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Defendants' Basis For Dispute:

In the event this Court decides to submit the breach of fiduciary duty claim to the jury, for the reasons discussed by Defendants in the Joint Memorandum of Law regarding disputed jury instructions, Defendants propose that their Disputed Instruction No. 34 Re: Entire Fairness (Delaware Law) be submitted to the jury in lieu of Disputed Instruction Nos. 34-36 Proposed by Plaintiffs.

### Disputed Instruction No. 37 Re:
### Corporate Waste
### Proposed By Plaintiffs

Plaintiffs, TBL and JAMES POWER, claim on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., that defendants, JUDE HUDSON and ROSALIE HUDSON committed corporate waste. To establish this claim, plaintiffs, TBL and JAMES POWER, must prove all of the following:

1. That defendants, JUDE HUDSON and ROSALIE HUDSON were corporate directors of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC.;

2. That defendants, JUDE HUDSON and ROSALIE HUDSON approved a transaction exchanging something of value for consideration so inadequate that no person of ordinary, sound business judgment would deem it worth what the corporation has paid. A claim of waste will arise only in the rare, unconscionable case where directors irrationally squander or give away corporate assets;

3. That plaintiffs, TBL and JAMES POWER, did not give informed consent to defendants, JUDE HUDSON and ROSALIE HUDSON's conduct;

4. That plaintiffs, TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., were harmed; and

5. That defendants, JUDE HUDSON and ROSALIE HUDSON's conduct was a substantial factor in causing plaintiffs TBL and JAMES POWER's harm.

**Sources**: *Steiner v. Meyerson*, No. CIV. A. 13139, 1995 WL 441999, at *1 (Del. Ch. July 19, 1995) ["The elements of a claim of corporate waste are not themselves complicated. Corporate waste occurs when a corporation is caused to effect a transaction on terms that no person of ordinary, sound business judgment could conclude represent a fair exchange. Indeed the leading case employs language that is even stricter. According to that formulation plaintiff must prove that no such person could even 'entertain the view that [the transaction under attack] represented a fair exchange.' *Saxe v. Brady*, Del.Ch., 184 A.2d 602 (1962). Thus, for liability to exist the defendants must have approved a transaction exchanging something of value for consideration so inadequate that 'no person of ordinary, sound business judgment would deem it worth what the corporation has paid.' *Id*."] *Michelson v. Duncan*, 407 A.2d 211, 217 (Del. 1979) ["The essence of a claim of waste of corporate assets is the diversion of corporate assets for improper or unnecessary purposes. Although



1  directors are given wide latitude in making business judgments, they are bound to
2  act out of fidelity and honesty in their roles as fiduciaries. And they may not, simply
3  because of their position, "by way of excessive salaries and other devices, oust the
   minority of a fair return upon its investment." It is common sense that a transfer for
4  no consideration amounts to a gift or waste of corporate assets. [Citations
   omitted.]"]; *Swingless Golf Club Corp. v. Taylor*, 679 F.Supp.2d 1060, 1070-
5  71(N.D. Cal. 2009) ["Claims of corporate waste in California are based upon
   Delaware state law."].
6

7  **PTO**: Paragraph 7(c), p. 6.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendants' Basis For Dispute:**

Defendants contend that this instruction should not be given.  Pursuant to federal and Delaware law, this claim should be heard *by the Court*; therefore, Disputed Instruction No. 37 should ***not*** be submitted to the jury.

For the reasons discussed below and in greater detail by Deffendants in the Joint Memorandum of Law regarding disputed jury instructions, Plaintiffs' corporate waste claim should be heard by the Court.  As a matter of federal law, pursuant to the Supreme Court's framework for analyzing the right to a jury trial in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 43 (1989), Plaintiffs are not entitled to a jury trial on their claim for corporate waste because:

    1. Derivative claims, such as corporate waste, are equitable in nature, *see Sagarra Inversiones, S.L. v. Cementos Portland Valderrivas, S.A.*, 34 A.3d 1074, 1080 n. 13 (Del. 2011) ("By definition a derivative claim implicates the equitable right of a shareholder to assert the claim on the subsidiary's behalf.") (citing *Zapata Corp. v. Maldonado*, 430 A.2d 779, 786 (Del. 1981)); and

    2. Plaintiffs seek an equitable remedy in connection with their corporate waste claim, *i.e.* the appointment of a receiver and "temporary and preliminary injunctive relief," *see* Dkt. No. 94, SAC ¶¶ 61-62; *VTB Bank v. Navitron Projects Corp*., 2014 Del. Ch. LEXIS 61, *17 (Del. Ch. Apr. 28, 2014) (". . . [T]his Court typically approaches the

appointment of a receiver pursuant to its general equitable powers as a remedy, not as an independent cause of action . . ."); *Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 825 (3d Cir. 1959) ("The appointment of a receiver was never subject to jury trial, it being an equitable remedy within the discretion of the chancellor . . ."); *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 212 (3d Cir. 2014) (describing injunctive relief as equitable).

Because both the claim and the relief sought are equitable in nature, pursuant to *Granfinanciera*, Plaintiffs are not entitled to a jury trial on their corporate waste claim, and the claim should be adjudicated by this Court. Therefore, the claim, and Disputed Instruction No. 37, should not be submitted to the jury.

### Stipulated Instruction No. 38 Re:
### Conversion—Essential Factual Elements

Plaintiffs, TBL and JAMES POWER, claim on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., that defendant, JUDE HUDSON, wrongfully exercised control over 625 (pre-split) shares of PARAGON TECHNOLOGY & DEVELOPMENT, INC. stock. To establish this claim, plaintiffs, TBL and JAMES POWER, must prove all of the following:

1. That plaintiffs, TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., held a property interest in 625 (pre-split) shares of PARAGON TECHNOLOGY & DEVELOPMENT, INC. stock;

2. That plaintiffs, TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., had the right to possession of 625 (pre-split) shares of PARAGON TECHNOLOGY & DEVELOPMENT, INC. stock;

3. That defendant, JUDE HUDSON, substantially interfered with plaintiffs', TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., property by knowingly or intentionally refusing to return the 625 (pre-split) shares of PARAGON TECHNOLOGY & DEVELOPMENT, INC. stock after plaintiffs, TBL and JAMES POWER, on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., demanded its return.

4. That plaintiffs, TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., did not consent;

5. That plaintiffs, TBL and JAMES POWER, on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., was harmed; and

6. That defendant, JUDE HUDSON's, conduct was a substantial factor in causing plaintiffs', TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., harm.

**Sources**: Judicial Council Of California Civil Jury Instruction 2100, Judicial Council Of California Civil Jury Instruction 2100; new September 2003; revised December 2009, December 2010, May 2017 (Modified); *Drug, Inc. v. Hunt*, 168 A. 87, 93–94 (Del. 1933) ["Plaintiff correctly asserts that a claim of conversion requires that, at the time of the alleged conversion: (a) plaintiff held a property

interest in the stock; (b) plaintiff had a right to possession of the stock; and (c) the defendant converted plaintiff's stock."]; *Arnold v. Society for Sav. Bancorp, Inc.* 678 A.2d 533, 535-536 (Del. 1996.); *Welco Electronics, Inc. v. Mora*, 223 Cal.App.4th 202, 209 (2014); *Applied Medical Corp. v. Thomas*, 10 Cal.App.5th 927, 938 (2017).

**PTO**: Paragraph 7(c), p. 5-6.

**Disputed Instruction No. 39 Re:**
**Fraudulent Inducement**
**Proposed By Defendants**

Jude Hudson and Rosalie Hudson claims that To Be Limited Partnership made a false representation that harmed Paragon. To establish this claim, Jude Hudson and Rosalie Hudson must prove all of the following:

1. That To Be Limited Partnership represented to Jude Hudson and Rosalie Hudson that a fact was true;

2. That To Be Limited Partnership's representation was false;

3. That To Be Limited Partnership knew that the representation was false when it made it, or that To Be Limited Partnership made the representation recklessly and without regard for its truth;

4. That To Be Limited Partnership intended that Jude Hudson and Rosalie Hudson rely on the representation;

5. That Jude Hudson and Rosalie Hudson reasonably relied on To Be Limited Partnership's representation;

6. That Jude Hudson and Rosalie Hudson were harmed; and

7. That Jude Hudson and Rosalie Hudson's reliance on To Be Limited Partnership's representation was a substantial factor in causing Paragon's harm.

**Sources**: CACI 1900; *Romero v. San Pedro Forklift, Inc.*, 266 Fed. App'x 552, 556 n.2 (9th Cir. 2008)

**PTO**: Paragraph 7 _____.

**Plaintiffs' Basis For Dispute:**

First, Defendants' claim of Fraudulent Inducement is directed at TBL only. Mr. Power never made any loans or representations to the Company. (See MIL, No. 1., Tate Decl., ¶8(d).) Therefore, even if Defendants could prove that TBL's loans were fraudulent, and they cannot, that would not prevent Mr. Power, the other shareholder plaintiff, from obtaining a judgment on behalf of the Company. No findings relating to fraudulent inducement by TBL could possibly apply to Mr. Power, who the right to obtain full recovery on behalf of the Company. As such, fraudulent inducement cannot be a "defense" to Mr. Power's derivative claims.

Second, to the extent that Defendants seek to present fraudulent inducement to the jury in order to attack Plaintiffs' standing to bring the derivative claims, Defendants have not preserved this argument. Plaintiffs are both acknowledged minority shareholders of the Company. In the SAC, Plaintiffs allege "TBL and Mr. Power have standing to bring this shareholder derivative action as both TBL and Mr. Power are shareholders in Paragon." (Dkt. 94, ¶14.) In response to this direct allegation, Defendants stated "Answering Paragraph 14, Defendants admit that James Powers is a shareholder and admit that TBL has some ownership interests in Paragon, although the propriety and amount of such ownership interests are disputed." (Dkt. 107, ¶14.) Defendants never disputed Plaintiffs' standing to bring the derivative claims. The effect of that failure is that Plaintiffs' standing is admitted. Fed. R. Civ. P. 8(6) ["An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."]; Legal Aid Soc. of Alameda Cty. v. Brennan, 608 F.2d 1319, 1334 (9th Cir. 1979) The allegations are to be treated as admitted since not denied, Fed.R.Civ.P. 8(d); and the allegations and supporting evidence are to be construed in favor of the appellees the parties asserting standing, [citation]. Moreover it is unnecessary to examine the standing of all appellees so long as one had standing to secure the requested relief."]

1    Defendants allege a variety of affirmative defenses to the SAC, including the

2  allegation of fraudulent inducement, which is the subject of Jury Instruction No. 39;

3  however, Defendants do not dispute in their answer and do not allege as an

4  affirmative defense that Plaintiffs do not have standing to bring the derivative claims

5  found in the SAC.  Defendants' affirmative defense of fraudulent inducement does

6  not challenge standing.  Rather, Defendants' affirmative defense asserts that "some

7  or all of the claims" asserted by Plaintiffs in their SAC are "barred on the grounds

8  that Defendants were induced into entering the applicable contracts by fraud."  (Dkt.

9  107, p. 10.)  Lack of standing is a last minute after thought that was not raised in the

10  pleadings and is not properly part of the instructions to the jury.  Jury Instruction

11  No. 39 should not be given.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Stipulated Instruction No. 40 Re:**
**Usury**
**Proposed By Defendants**

Defendants claims usury as a defense, that is, that an illegal interest rate was included in the contract. To establish this defense, Defendant must prove that the parties in fact agreed to a rate of interest on the loan of To Be Limited Partnership's money to Defendants in excess 10%.  If so, then To Be Limited Partnership is entitled to recover only the principal of its loans to Defendants and all other charges are unlawful. In determining whether the parties agreed to usurious interest charges, you may take into account all of the circumstances of the contract and the negotiations leading up to it.

**Sources**: *Klett v. Security Acceptance Co*., 38 Cal.2d 770, 787–788, 242 P.2d 873 (1952); *Terry Trading Corp. v. Barsky*, 210 Cal. 428, 434, 292 P. 474 (1930); *Rochester Capital Leasing Corp. v. K & L Litho Corp*., 13 Cal.App.3d 697, 703, 91 Cal.Rptr. 827 (1970); *Mong v. Bass*, 248 Cal.App.2d 377, 381–384, 56 Cal.Rptr. 579 (1967); *Goldenzwig v. Shaddock*, 31 Cal.App.2d 719, 722, 88 P.2d 933 (1939).

**PTO**: Paragraph 7_____.

1

**Plaintiffs' Basis For Dispute:**

2    First, usury is not a defense to derivative claims under Delaware law.

3  Nominal defendant Paragon Technology & Development, Inc., is a Delaware

4  company.  (SAC Dkt. 94, ⁋7; Answer to SAC, Dkt. 107, ⁋7.) "The internal affairs

5  doctrine is a conflict of law principle which recognizes that only one State should

6  have the authority to regulate a corporation's internal affairs . . .because otherwise a

7  corporation could be faced with conflicting demands." *Edgar v. MITE Corp.*, 457

8  U.S. 624, 645 (1982).  The doctrine generally provides that the internal affairs of a

9  corporation are governed by the law of the place where the corporation is

10  incorporated.  *Batchelder v. Kawamoto*, 147 F.3d 915, 920 (9th Cir. 1998), as

11  amended (July 15, 1998).

12    Courts, including the Central District, have routinely held that the internal

13  affairs doctrine applies to shareholder derivative actions where a director is alleged

14  to have breached her fiduciary duties. See e.g., *Vaughn v. LJ Intern., Inc.*, 174 Cal.

15  App. 4th 213, 223 (Cal. App. 2009) (applying internal affairs doctrine to a

16  shareholder derivative action alleging breaches of fiduciary duty of corporate

17  officers and directors); *Becher v. Northwestern Mut. Life Ins. Co.*, No. CV 10-6264

18  PSG (AGRx), 2010 WL 5138910, at *2 (C.D. Cal. Dec. 9, 2010) ("Claims involving

19  breach of fiduciary duties are routinely considered 'internal affairs'"); *In re Sagent*

20  *Tech., Inc. v. Derivative Litig.*, 278 F. Supp. 2d 1079, 1092 (N.D. Cal. 2003)

21  (applying internal affairs doctrine to conclude that Delaware law governed breach of

22  fiduciary duty claim).  Thus, when a corporation is incorporated in Delaware,

23  Delaware law is applicable when deciding whether the corporate directors breached

24  their fiduciary duties.

25    Under Delaware law, there is "no limitation on the rate of interest which may

26  be legally charged for the loan or use of money, where the amount of money loaned

27  or used exceeds $100,000…"  6 Del. C. §2301(b).  Further, 6 Del.C. §2306 provides

28  that "[n]o corporation…shall interpose the defense of usury in any action."

1   Delaware courts have explained that this rule not only applies to corporations, but

2   also applies to individuals who guarantee the obligations of a corporation.  See e.g.,

3   *Bank of Delaware v. NMD Realty Co*., 325 A.2d 108, 111 (Del. 1974); *MacNeil v.*

4   *Cusato*, No. C.A. 96L-10-001, 1998 WL 1029267, at *3 (Del. Super. Ct. Nov. 30,

5   1998); see also 47 C.J.S. Interest and Usury §242 (1982).  As such, usury is not a

6   defense to derivative claims under Delaware law and therefore, there is no basis to

7   instruct the jury on that issue.

8          Second, evidence on the issue of usury should be precluded from the case

9   based on Federal Rules of Evidence 402 and 403 on the grounds set forth in

10  Plaintiffs' First Motion In Limine.  Although Defendants style "usury" as an

11  affirmative defense, usurious loans do not excuse or even offset the harm caused to

12  the Company by Defendants' breach of fiduciary duty, conversion and corporate

13  waste.  In the proposed jury instruction, Defendants would have this Court instruct

14  the jury that if they find usurious loans, "then To Be Limited Partnership is entitled

15  to recover only the principal of its loans to Defendants and all other charges are

16  unlawful."  Of course, TBL is not seeking in any sense to recover interest or the

17  principal of its loans to the Company in this action.  The entire issue of usury is

18  irrelevant to the inquires of this derivative action that examines Defendants' wrong

19  doing and only seeks recovery for the Company.

20         Third, Defendants' claim of usury is directed at TBL only.  Mr. Power never

21  made any loans to the Company.  (See MIL, No. 1., Tate Decl., ¶8(d).)  Therefore,

22  even if Defendants could prove that TBL's loans were usurious, and they can't, that

23  would not prevent Mr. Power, the other shareholder plaintiff, from obtaining a

24  judgment on behalf of the Company.  No findings relating to usurious interest rates

25  or any unjust enrichment of TBL could possibly apply to Mr. Power, who has every

26  right to obtain full recovery on behalf of the Company.  As such, usury cannot be a

27  "defense" to Mr. Power's derivative claims.

28         Fourth, to the extent that Defendants seek to present usury to the jury in order

1   to attack Plaintiffs' standing to bring the derivative claims, Defendants have not

2   preserved this argument.  Plaintiffs are both acknowledged minority shareholders of

3   the Company.  In the SAC, Plaintiffs allege "TBL and Mr. Power have standing to

4   bring this shareholder derivative action as both TBL and Mr. Power are shareholders

5   in Paragon." (Dkt. 94, ¶14.)  In response to this direct allegation, Defendants stated

6   "Answering Paragraph 14, Defendants admit that James Powers is a shareholder and

7   admit that TBL has some ownership interests in Paragon, although the propriety and

8   amount of such ownership interests are disputed." (Dkt. 107, ¶14.)  Defendants

9   never disputed Plaintiffs' standing to bring the derivative claims.  The effect of that

10  failure is that Plaintiffs' standing is admitted.  Fed. R. Civ. P. 8(6) ["An allegation—

11  other than one relating to the amount of damages—is admitted if a responsive

12  pleading is required and the allegation is not denied."]; *Legal Aid Soc. of Alameda

13  Cty. v. Brennan*, 608 F.2d 1319, 1334 (9th Cir. 1979) The allegations are to be

14  treated as admitted since not denied, Fed.R.Civ.P. 8(d); and the allegations and

15  supporting evidence are to be construed in favor of the appellees the parties

16  asserting standing, [citation]. Moreover it is unnecessary to examine the standing of

17  all appellees so long as one had standing to secure the requested relief."]

18      Defendants allege a variety of affirmative defenses to the SAC, including the

19  allegation of usury, which is the subject of Jury Instruction No. 40; however,

20  Defendants do not dispute in their answer and do not allege as an affirmative

21  defense that Plaintiffs do not have standing to bring the derivative claims found in

22  the SAC.  Defendants' affirmative defense of usury does not challenge standing.

23  Rather, Defendants' affirmative defense asserts that "each and every claim and

24  cause of action" asserted by Plaintiffs in their SAC are "barred on the grounds that

25  Plaintiff's loans to Defendants, Gatsby, and Paragon were usurious under all

26  applicable states' laws." (Dkt. 107, p. 10.)  Lack of standing is a last minute after

27  thought that was not raised in the pleadings and is not properly part of the

28  instructions to the jury.  Jury Instruction No. 40 should not be given.

**Stipulated Instruction No. 41 Re:**
**Damages—Proof**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on the plaintiffs' breach of fiduciary duty, corporate waste, or conversion claims, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants. You should consider the following:

In determining the measure of damages on plaintiffs' claims for breach of fiduciary duty and corporate waste, you should consider the actual loss caused by the defendants' wrongful conduct.

In determining the measure of damages on plaintiffs' claim for conversion, you should consider the value of the property at the time of conversion, with interest.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 5.1 (2017); *In re Rural/Metro Corp. S'holders Litig*., 102 A.3d 205, 224 (Del. Ch. 2014) ["The traditional measure of damages is that which is utilized in connection with an award of compensatory damages, whose purpose is to compensate a plaintiff for its proven, actual loss caused by the defendant's wrongful conduct. To achieve that purpose, compensatory damages are measured by the plaintiff's 'out-of-pocket' actual loss."]; Judicial Council Of California Civil Jury Instruction 2102, Judicial Council Of California Civil Jury Instruction 2102; new September 2003; revised December 2009, December 2010, May 2017 (Modified); Cal. Civ. Code, § 3336; *Wyndham, Inc. v. Wilmington Trust Co*., 59 A.2d 456, 459 (Del. 1948) ["In general, the measure of damages for conversion is the value of the property at the time of conversion, with interest."].

**PTO**: Paragraph 7(c), p. 5-6.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Stipulated Instruction No. 42 Re:**
**Damages From Multiple Defendants**

In this case, Plaintiffs seek damages from more than one defendant. You must determine the liability of each defendant to Plaintiffs separately.

If you determine that more than one defendant is liable to Plaintiffs for damages, you will be asked to find Plaintiffs' total damages.

In deciding on the amount of damages, consider only Plaintiffs' claimed losses. Do not attempt to divide the damages among the defendants. The allocation of responsibility for payment of damages among multiple defendants is to be done by the court after you reach your verdict

**Source**: Judicial Council Of California Civil Jury Instruction 3933, Judicial Council Of California Civil Jury Instruction 3933; New December 2010

**PTO**: Paragraph 7(c), p. 5-6.

**Stipulated Instruction No. 43 Re:**
**Punitive Damages**

If you decide to award compensatory damages to plaintiffs, TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., you must determine whether defendants JUDE HUDSON or ROSALIE HUDSON are also liable to plaintiffs, TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., for punitive damages.

Punitive damages are different from compensatory damages. Compensatory damages are awarded to compensate the plaintiffs for the injury suffered. Punitive damages, on the other hand, are awarded in addition to compensatory damages.

You may award punitive damages to punish a party for outrageous conduct and to deter a party, and others like him or her, from engaging in similar conduct in the future. To award punitive damages, you must find by a preponderance of the evidence that defendants JUDE HUDSON or ROSALIE HUDSON acted intentionally or recklessly. Punitive damages cannot be awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence.

Intentional conduct means it is the person's conscious object to engage in conduct of that nature. Reckless conduct is a conscious indifference that amounts to an "I don't care" attitude. Reckless conduct occurs when a person, with no intent to cause harm, performs an act so unreasonable and dangerous that he or she knows or should know that there is an eminent likelihood of harm that can result. Each requires that the defendant foresee that his or her conduct threatens a particular harm to another.

The law provides no fixed standards for the amount of punitive damages.

In determining any award of punitive damages, you may consider the nature of defendants JUDE HUDSON and ROSALIE HUDSON's conduct and the degree to which the conduct was reprehensible. Finally, you may assess an amount of damages that will deter defendants JUDE HUDSON and ROSALIE HUDSON and others like them from similar conduct in the future. You may consider defendants JUDE HUDSON and ROSALIE HUDSON's financial condition when evaluating deterrence. Any award of punitive damages must bear a reasonable relationship to plaintiffs', TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., compensatory damages. If you find that plaintiffs, TBL and JAMES POWER on

behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., are entitled to an award of punitive damages, state the amount of punitive damages separately on the verdict form.

**Source**: Pattern Jury Instructions for Civil Practice in the Superior Court of the State of Delaware §22.27; *Niehoff v. Maynard*, 299 F.3d 41, 52–53 (1st Cir. 2002).

1
2

**Stipulated Instruction No. 44 Re:**
**Effect Of Instructions As To Punitive Damages**

3
4
5
6
7
8

    The fact that I have instructed you about the proper measure of punitive damages should not be considered as an indication that plaintiffs, TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., are entitled to recover punitive damages from defendants JUDE HUDSON or ROSALIE HUDSON's.  The instructions on punitive damages are given only for your guidance, in the event you find in favor of plaintiffs, TBL and JAMES POWER on behalf of nominal defendants PARAGON TECHNOLOGY & DEVELOPMENT, INC., and GATSBY ENTERPRISES, INC., on their claims for punitive damages.

9
10

**Source**: Pattern Jury Instructions for Civil Practice in the Superior Court of the State of Delaware §22.29; *Niehoff v. Maynard*, 299 F.3d 41, 52–53 (1st Cir. 2002).

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2

### Stipulated Instruction No. 45 Re:
### Duty To Deliberate

3
4

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

5
6

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

7
8
9

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

10
11
12
13

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

14
15

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 3.1 (2017).

16
17
18
19
20
21
22
23
24
25
26
27
28

### Stipulated Instruction No. 46 Re:
### Consideration Of Evidence—Conduct Of The Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if

1    you decide the case based on information not presented in court, you will have
2    denied the parties a fair trial.  Remember, you have taken an oath to follow the rules,
     and it is very important that you follow these rules.
3
4        A juror who violates these restrictions jeopardizes the fairness of these
     proceedings[, and a mistrial could result that would require the entire trial process to
5    start over].  If any juror is exposed to any outside information, please notify the
     court immediately.
6
7    **Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth
     Circuit § 3.2 (2017).
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Stipulated Instruction No. 47 Re:**
**Communication With Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 3.3 (2017).

**Stipulated Instruction No. 48 Re:**
**Readback Or Playback Comment**

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

> Because a request has been made for a [readback] [playback] of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Although a court has broad discretion to read back excerpts or the entire testimony of a witness when requested by a deliberating jury, precautionary steps should be taken. Absent the parties' stipulation to a different procedure, the jury should be required to hear the readback in open court, with counsel for both sides present, and after giving the admonition set out above. *See United States v. Newhoff*, 627 F.3d 1163, 1167 (9th Cir. 2010); *see also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 5.1.C (2013).

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 3.4 (2017).

**Stipulated Instruction No. 49**
**Re: Return Of Verdict**

A verdict form has been prepared for you.  [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 3.5 (2017).

### Stipulated Instruction No. 50 Re:
### Post-Discharge Instruction

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.]

**Source**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit § 3.9 (2017).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of August, 2021, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification to all parties of record or persons requiring notice.


/s/ Dirk O. Julander
Dirk O. Julander